UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tajuan Pringle, | ) | C/A No. 2:16-981-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Dorchester County Court, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Tajuan Pringle, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Dorchester County Detention Center.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that he was charged, as to incidents which allegedly occurred at a Little Caesar's restaurant in Summerville, South Carolina on November 11, 2014, with armed robbery (two counts), kidnaping, burglary second, and possession of a weapon during a violent crime. Plaintiff alleges that the vehicle allegedly used in the crime was traced back to a woman who stated that Plaintiff and his co-defendant used her car to go to the Dollar General Store approximately an hour before the alleged crimes occurred, and they were only gone for fifteen minutes. Plaintiff claims that even though no detective has attempted to question Plaintiff or his co-defendant about whether the vehicle owner's statement is true, he has been detained since December 2014 with no bond. He complains that in January 2016, the Solicitor stated to Judge "Dixon" that he was not ready for trial because he needed to determine if the Dollar General Store had video surveillance from November 11, 2014, and that "[t]he court is continuously agreeing with the Solicitor's recommendation to deny bond on all charges," but the Solicitor is still not (after fourteen months) prepared to go to trial. Plaintiff also claims he has not seen or spoken to his

2

attorney in approximately a month. Complaint, ECF No. 1 at 2-4. Plaintiff writes that he is attempting to litigate "improper procedures in court room." Id. at 2. He asks this Court to determine if anything can be done regarding the setting of a bond or a trial date. Plaintiff also seeks dismissal of all the charges. ECF No. 1 at 4-5.

First, to the extent Plaintiff is requesting release from detention, such relief is not available in a civil action and may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]; Heck v. Humphrey, 512 U.S. 477, 481 (1994) [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. As such, if Plaintiff wishes to challenge the fact or duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, *after* he has fully exhausted his state court remedies.

Additionally, the only named Defendant, the Dorchester County Court,[1] is entitled to summary dismissal as a party Defendant because it is not a state actor under § 1983. A court is

---

[1] Although the caption of the Complaint actually says "Dorchester County", Plaintiff listed the Dorchester County Court as the Defendant in the "Parties" section of his Complaint (with Dorchester County as this entity's employer) and submitted a proposed USM-285 Form in which he named the Dorchester County Court as the Defendant. ECF No. 1 at 1-2, ECF No. 3. Further, Plaintiff makes no specific allegations against "Dorchester County" in his Complaint. See ECF No. 1 at 1-5.



3

not a "person" subject to suit under § 1983.[2] See Mumford v. Basinski, 105 F.3d 264, 268 (6th Cir.1997). Even if, by liberally construing the Complaint, an inference could be made that Plaintiff meant instead to bring this case against "Judge Dixon," a judge is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges].

Although Plaintiff also appears to make allegations in the body of his Complaint against his attorney and the Solicitor, he has not named these persons as defendants. Further, a solicitor is entitled to absolute immunity for activities performed as "an officer of the court" where the conduct at issue is closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509

---

[2]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



4

U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000). Additionally, a criminal defendant's attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney]. Therefore, even if Plaintiff had named these individuals as party Defendants, they would be entitled to dismissal.

Finally, Plaintiff also appears to request that this Court intervene in the criminal actions pending against him in state court. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior

5

Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts]. Thus, this Court should not intervene in Plaintiff's pending criminal proceedings.[3]

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 20, 2016
Charleston, South Carolina

---

[3]Of course, Plaintiff is not foreclosed from raising the issues alleged in his Complaint and having them ruled on in his ongoing state criminal prosecutions by a state court Judge.

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

